IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | | |
|---|---|---|
| RAYMOND MIZQUES, | ) | Cause No. CV 04-76-GF-CSO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE TO |
| LANCE HOOVER, | ) | DENY DEFENDANT'S MOTION FOR |
| | ) | SUMMARY JUDGMENT |
| Defendant. | ) | |
| _____ | ) | |

This matter is pending before the Court on Defendant Lance Hoover's two Motions for Summary Judgment. (Documents 22 and 29).

## I. STATEMENT OF THE CASE

### A. Procedural History

Plaintiff submitted a proposed Complaint and a Motion to proceed *in forma pauperis* on July 22, 2004. (Document 1). On December 9, 2004, Plaintiff's Motion to proceed *in forma pauperis* was granted and Plaintiff was directed to file an Amended Complaint. (Documents 4 and 7). Plaintiff filed supplemental information on December 30, 2004. (Document 8).

Pursuant to 28 U.S.C. § 1915(e)(2) the Court conducted a preliminary screening of Plaintiff's Complaint and Amended Complaint. (Documents 7 and 11). On May 25, 2005, the Court

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DENY
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT / PAGE 1

issued an Order finding that, liberally construed, Plaintiff's Amended Complaint with regard to Defendant Hoover was not entirely without merit and ordered it served upon Defendant Hoover.  (Document 10).  The other Defendants were dismissed by Order dated September 6, 2005. (Document 18).

On February 7, 2006, Defendant Hoover, filed a Motion for Summary Judgment, a Memorandum in Support, a Statement of Uncontroverted Facts, and a Notice and Warning to Plaintiff. (Documents 22-25).  On March 7, 2006, Hoover filed a "reply," stating that Plaintiff Mizques should have filed a response on or before March 3, 2006, and that he had not done so. (Document 26).

On March 9, 2006, Mizques filed a response to Hoover's reply. (Document 27).  He stated that he did not respond to Hoover's motion because he did not receive the documents that Hoover certified had been sent to him.  Mizques filed an affidavit in support of his explanation.  (Document 27–Plaintiff's Resp. to Def.'s Reply, p. 1; Document 28–Mizques Affidavit, p. 1, ¶ 3).

On March 13, 2006, Hoover re-filed and re-served his Motion for Summary Judgment, Brief in Support, Statement of Uncontroverted Facts, a Notice and Warning to Plaintiff and a Notice of Re-Service. (Documents 29-33).[1]

---

[1]The Court notes that Hoover did not confer with Plaintiff prior to filing his motion and therefore did not comply with D.

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT / PAGE 2

B.  <u>Facts</u>

As set forth below Defendant Hoover did not file affidavits or other authenticated evidence in support of his motion. Accordingly, the facts set forth below are given in the light most favorable to Plaintiff as set forth in Plaintiff's Complaint (Document 5)[2] and Plaintiff's Affidavit. (Document 39-3).

Plaintiff arrived at Crossroads Correctional Center (hereinafter "CCC") on September 30, 2003.  Prior to his arrival at CCC, Plaintiff suffered from some infrequent pains in his abdominal area.  These pains intensified soon after he was incarcerated at CCC. (Document 39-3, Mizques Affidavit, ¶ 3).  On November 3, 2003, Plaintiff visited CCC's medical department as a result of these pains.  Plaintiff was examined by a nurse and then referred to a doctor. (Document 39-3, Mizques Affidavit, ¶ 4).

In December 2003, Plaintiff was transported to Marias Medical Center in Shelby, Montana, and diagnosed with gallbladder problems.  On January 1, 2004, Plaintiff was advised that he

---

Mont. L.R. 7.1(j) which provides that "[w]ithin the text of <u>each</u> motion submitted to the Court, the moving party <u>shall</u> note that other parties have been contacted concerning the motion and whether other parties object to the motion." (Emphasis added).

[2]"A plaintiff's verified complaint may be considered as an affidavit in opposition to summary judgment if it is based on personal knowledge and sets forth specific facts admissible in evidence." <u>Lopez v. Smith</u>, 203 F.3d 1122, 1132 n. 14 (9th Cir. 2000) (en banc).

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT / PAGE 3

needed surgery for his gallbladder problem. (Document 39-3, Mizques Affidavit, ¶ 5).

Plaintiff was transported back to the Marias Medical Center three more times for various pre-operative medical procedures, all without incident or objection.  Defendant Hoover was one of the Plaintiff's transporting officers during a March 1, 2004, visit to the medical center. (Document 39-3-Mizques Affidavit, ¶ 7).

In preparation for gallbladder surgery, Plaintiff was moved to CCC's Special Management Unit (hereinafter "SMU").  Upon being moved, Plaintiff asked the officer in the SMU whether he would be allowed to take a shower in the morning prior to his surgery. The officer told Plaintiff that he could take a shower and that the information would be passed on to the next shift.

At approximately 5:30 a.m. on the morning of March 31, 2004, Defendant Hoover woke Plaintiff to transport him to the medical center for surgery.  When Plaintiff asked to take a shower, Defendant Hoover told him no.  Plaintiff explained to Defendant Hoover that he had been advised the night before that he could take a shower before his surgery.  Defendant Hoover told Plaintiff there was not enough time for him to take a shower. Plaintiff understood this, accepted it and never spoke of a shower again.  (Document 39-3, Mizques Affidavit, ¶ 9).

Plaintiff then asked if he could brush his teeth.  Defendant

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DENY
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT / PAGE 4

Hoover said yes and had Plaintiff's water turned on in the cell. Plaintiff brushed his teeth and then started washing his hands and face.  As soon as Plaintiff started washing his hands, Defendant Hoover shouted, "I'm not going to stand here and watch you take a bird bath!  As a matter of fact, I don't have to take you anywhere!"  Defendant Hoover then shut Plaintiff's food-slot and left. (Document 39-3, Mizques Affidavit, ¶ 10).

Plaintiff stated that it took him two minutes to wash up and he was ready to go.  When Defendant Hoover returned to the cell, he yelled for Plaintiff to come to the door and sign a refusal of treatment form.  Plaintiff jumped up, came to the door and said, "I'm not signing nothing.  I need to get to the medical center for surgery.  I've been waiting for three months for this appointment.  I'm in pain all the time." (Document 1-Plaintiff's Complaint, p. 5).  Plaintiff said he told Defendant Hoover again that he needed to get to the hospital for surgery.  Defendant Hoover had another officer come and initial the form and then Defendant Hoover left. (Document 1-Plaintiff's Complaint, p. 5).

Plaintiff contends that Defendant Hoover did not ask him to take his clothing off for a strip search and Plaintiff did not refuse to follow any of Defendant Hoover's orders.  He argues that he had been waiting for this surgery for many months and would have done whatever was asked to facilitate the surgery.

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if, viewing the evidence in the light most favorable to the party opposing the motion, the court finds that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Lundy v. Union Carbide Corp., 695 F.2d 394, 396 (9th Cir. 1982), cert. denied, 474 U.S. 848 (1985).

The initial burden is upon the moving party to demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "Interpreting Federal Rule of Civil Procedure 56[,] the Ninth Circuit has held that it is 'the burden of the moving party to demonstrate the absence of any material fact.' . . . A court should deny a motion for summary judgment if 'the movant's papers . . . themselves demonstrate the existence of a material issue of fact.'" Cristobal v. Siegel, 26 F.3d 1488, 1494-95 (9th Cir. 1994) (emphasis added) (internal quotations and citations omitted).

The court's ultimate inquiry is to determine whether the "specific facts" set forth by the non-moving party, coupled with undisputed background facts, are such that a rational jury might return a verdict in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986).

**III. DISCUSSION**

As set forth above, Defendant Hoover has the initial burden to demonstrate the absence of a genuine issue of material fact.

Celotex, 477 U.S. at 323.  Federal Rule of Civil Procedure 56(c) provides that a motion for summary judgment:

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c).

Although Defendant briefed the issues and presented documents, he did not provide any authenticated or admissible evidence.  The Court can only consider admissible evidence in ruling on motions for summary judgment and authentication is a "condition precedent to admissibility."  Orr v. Bank of American, NT & SA, 285 F.3d 764 (9th Cir. 2002).  The Ninth Circuit has repeatedly held that "unauthenticated documents cannot be considered in a motion for summary judgment."  Id. citing Cristobal v. Siegel, 26 F.3d 1488, 1494 (9th Cir. 1994); Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550-51 (9th Cir. 1989); Beyene v. Coleman Sec. Servs., Inc., 854 F.2d 1179, 1182 (9th Cir. 1988); Canada v. Blain's Helicopters, Inc., 831 F.2d 920, 925 (9th Cir. 1987).

An affidavit from Defendant Hoover or Officer DeVera authenticating their March 31, 2004, incident reports would have allowed the Court to consider those reports.  Similarly, the Court could have considered Defendant Hoover's interrogatory

responses had Hoover complied with Rule 33(b) of the Federal Rules of Civil Procedure and verified those responses. He did not. Although the Court may consider Defendant's responses to Plaintiff's requests for admissions, those responses alone are not sufficient evidence of Defendant Hoover's position to permit summary judgment. Without the presentation of authenticated evidence setting forth Defendant Hoover's version of the facts, Defendant Hoover cannot meet his burden of demonstrating the absence of a genuine issue of material fact.

Even if the Court considers Defendant Hoover's unauthenticated evidence, summary judgment would not be recommended. Plaintiff's claim arises under the Eighth Amendment of the United States Constitution. The Eighth Amendment requires that prisoners receive adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976); see also McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing Estelle), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997). To state a section 1983 claim for failure to provide medical care, a prisoner must allege that a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106; Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986), cert. denied, 481 U.S. 1069 (1987).

Deliberate indifference under the Eighth Amendment involves

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT / PAGE 8

the consideration of two elements: "[1] the seriousness of the prisoner's medical need[;] and [2] the nature of the defendant's response to that need." McGuckin, 974 F.2d at 1059; see also Lolli v. County of Orange, 351 F.3d 410, 419 (9th Cir. 2003). That is, a plaintiff must demonstrate "'objectively, sufficiently serious' harm and that the officials had a 'sufficiently culpable state of mind' in denying the proper medical care. Thus, there is both an objective and a subjective component to an actionable Eighth Amendment violation." Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002)(citing Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir. 1995)).

The objective component requires the showing of a serious medical need. "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'." McGuckin, 974 F.2d at 1059 (9th Cir. 1992) (quoting Estelle, 429 U.S. at 104).

The subjective component of deliberate indifference considers the nature of the defendant's response to the serious medical need and whether the defendant had a culpable mental state, which is "'deliberate indifference' to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998)(quoting Farmer v. Brennan, 511 U.S. 825, 835 (1994)). "[T]he official must both be aware of the facts from which the

inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. "[T]he official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official.'" Frost, 152 F.3d at 1128 (quoting Wilson v. Seiter, 501 U.S. 294, 302-303 (1991)).

Taking the evidence in the light most favorable to Mizques, he has established an issue of fact as to a constitutional violation by alleging that Defendant Hoover acted with deliberate indifference to serious medical needs by failing to transport him for a surgery scheduled by Mizques' physician.

First, Plaintiff has demonstrated that he had a serious medical need. See Lopez, 203 F.3d at 1131-32; McGuckin, 974 F.2d at 1059-60 ("[T]he existence of chronic and substantial pain [indicates] that a prisoner has a 'serious' need for medical treatment."). The Ninth Circuit has listed the following as examples of serious medical needs:

> The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain[.]

McGuckin, 974 F.2d at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990) (citing cases) and Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989)). The documents that Mizques filed in opposition to Hoover's motion

indicate that he had been suffering abdominal pains even prior to his arrival at CCC.  He was first seen for these pains in November 2003.  He was told he needed surgery in January 2004 and had been awaiting that surgery for three months.  Plaintiff told CCC officials that his pains felt like he was being hit by a baseball bat.  (Document 39-3, p. 7).  After Defendant Hoover refused to transport Plaintiff for surgery, Plaintiff suffered more frequent and severe pain, he could not eat properly and was denied pain medications.  Mizques' physician had scheduled him for gallbladder surgery and therefore presumably believed it to be a serious medical need worthy of treatment.

     Defendant argues that since Plaintiff's condition did not constitute an emergency, he cannot establish a serious medical need.  Defendant cites to a Northern District of New York case for the proposition that "[t]he standard for serious medical needs contemplates 'a condition of urgency that may result in degeneration or extreme pain.'" Baumann v. Walsh, 36 F.Supp.2d 508, 510 (N.D.N.Y. 1999) *citing* Chance v. Armstrong, 143 F.3d 698, 702 (2nd Cir. 1998).  However, both the Baumann and the Chance cases found that there was a serious medical need for many of the reasons present here.  In those cases the plaintiffs were suffering from afflictions which caused pain over a long period of time and they each received extended medical care for those conditions.  Those cases tend to support the finding that

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT / PAGE 11

Mizques suffered from a serious medical need.  The law in this circuit does not support Defendant's argument that only those conditions requiring emergency attention satisfy the "serious medical need" element.  Prisons have a greater obligation than providing only emergency medical care.  Plaintiff has sufficiently demonstrated that he suffered from a serious medical need.

The subjective component requires a showing that defendant was deliberately indifferent to a substantial risk of serious harm.  "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." See Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir. 1992)(quoting Hunt, 865 F.2d at 201); see also Lopez, 203 F.3d at 1131-32 (citing Estelle v. Gamble, 429 U.S. 97, 105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)), for the principle that a prisoner "can establish deliberate indifference by showing that officials intentionally interfered with his medical treatment").

Further, "a prison official acts with deliberate indifference when he ignores the instructions of the prisoner's treating physician or surgeon." Wakefield v. Thompson, 177 F.3d 1160 (9th Cir. 1999); see also Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989) (per curiam).

The conflict here revolves around whether Plaintiff refused

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT / PAGE 12

Defendant Hoover's order to step toward the cell door so that he could be strip searched ("strip out") as part of the transport procedure.  Defendant Hoover contends that Plaintiff refused to comply with these orders, was determined to be a security threat and as such could not be transported outside the facility.  Plaintiff contends that he was never ordered to "strip out," that he complied with each of Defendant Hoover's orders and that he was fully cooperative in the transport procedure.

If the Court takes Plaintiff's allegation to be true (as it must), a genuine issue of material fact exists that precludes summary judgment.

Defendant Hoover relies heavily on Judge Farris' opinion in <u>Wood v. Housewright</u> , <u>supra</u>. (See Document 30, p. 6).  However, Judge Reinhardt's dissenting opinion that there was an Eighth Amendment violation in the <u>Wood</u> case is actually the rule of law in the Ninth Circuit.  Judge Farris and Judge Hug agreed that the named Defendants in the <u>Wood</u> case were not liable for the constitutional violations alleged and therefore affirmed the judgment.  However, both Judge Hug and Judge Reinhardt agreed that "[t]he confiscation of [Wood's] sling and the inordinate delay in providing essential medical care clearly constituted 'deliberate indifference,' and [Wood's] resultant pain and suffering clearly meet the standard set forth in <u>Estelle v. Gamble</u>, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)." <u>Wood</u>,

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT / PAGE 13

900 F.2d at 1336; see also McGuckin, 974 F.2d at 1060, Note 12.

Moreover, Defendant tries to apply Judge Farris' analysis in Wood here by suggesting that since Plaintiff had been receiving continuous treatment by healthcare providers, Defendant Hoover was not deliberately indifferent to Plaintiff's medical needs. But Judges Reinhardt and Hug rejected Judge Farris' Eighth Amendment conclusions in Wood and Defendant may not rely on them here. This is not a claim about Defendant Hoover providing inadequate medical treatment. Plaintiff's claim is that when Defendant Hoover refused to transport Plaintiff for his surgery, he intentionally interfered with previously prescribed medical treatment. That, as set forth above, creates an issue of fact as to deliberate indifference to a serious medical need.

Defendant next cites to Wood for the proposition that "substantial harm must have occurred from the delay for the constitutional violation to occur." (Document 30, p. 7 citing Wood, 900 F.2d at 1335). However, as set forth in McGuckin, a finding that the defendant's activities resulted in "substantial" harm to the prisoner is not necessary. See Wood, 900 F.2d at 1339-40.

Again, Defendant cited Judge Farris' opinion in Wood where he suggested that only delays in medical treatment that cause "substantial harm" violate a defendant's constitutional rights. See Wood, 900 F.2d at 1335 (opinion of Farris, J.). However,

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT / PAGE 14

Judge Reinhardt and Judge Hug explicitly rejected that suggestion. See id. at 1339-40 (opinion of Reinhardt, J.); id. at 1336 (opinion of Hug, J.) (joining that portion of Judge Reinhardt's opinion); see also id. at 1336 (opinion of Reinhardt, J.) (noting that Section I of his opinion was joined by a majority of the panel). Thus, the Reinhardt opinion that substantial harm is not required is the rule in the Ninth Circuit.

The Court does recognize that a defendant's delay in providing medical treatment will not constitute deliberate indifference unless the delay was harmful. Hunt, 865 F.2d at 200 (quoting Shapley v. Nevada Board of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam)). Although the harm need not be substantial, the seriousness of the harm caused by the delay when the defendant could have acted to prevent the harm is indicative of deliberate indifference. McGuckin, 974 F.2d at 1060.

Plaintiff contends in his Statement of Genuine Issues, that from March 31, 2004 to April 14, 2004 (when his surgery eventually occurred), he endured more frequent and severe pain and could not eat properly. He also alleges that he was denied prescription pain injections. (Document No. 39 at ¶ 11). Thus, Plaintiff has established, at least for purposes of Defendant Hoover's motion, that the resulting delay in his medical

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT / PAGE 15

treatment was harmful.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

Hoover's motions for summary judgment (Court's docs. 22, 29) should be **DENIED**.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

Plaintiff must immediately notify the Court and counsel for the Defendants of any change of address.  Failure to do so may result in dismissal of this case without further notice.

DATED this 14th day of August, 2006.

/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge